**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY PEREZ, | 1:10-cv-00989-OWW-JLT HC |
| Petitioner, | ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION |
| vs. | (Doc. 1) |
| JAMES A. YATES, Warden | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER FORM FOR FILING HABEAS PETITION PURSUANT TO 28 U.S.C. § 2254. |
| Respondent. / | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on May 17, 2010, in the United States District Court for the Central District of California. (Doc. 1). On June 3, 2010, the case was transferred to this Court. (Docs. 4 & 5). A preliminary review of the petition shows that Petitioner is apparently challenging his 2007 conviction in the Kings County Superior Court for assault on a fellow inmate. (Doc. 1, p. 1). Unfortunately, there is very little else the Court can glean from the petition that was transferred to this Court by the Cental District of California. The petition transmitted to this Court from the Central District of California contains only pages one, two, three, and eight. Missing are all of the pages on which a petitioner would normally list the claims he seeks to raise in federal court. Despite this Court's inquiries and attempts to determine whether the Central District provided this Court with the entire petition, at the present time the instant petition

contains no claims at all.

Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

> " . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), 28 U.S.C. § 2254.  Additionally, the Advisory Committee Note to these rules explains that: " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in* Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977).

Here, the petition supplied to this Court by the Central District of California does not contain pages four, five, six, and seven.  Those missing pages include the critical pages in which the petitioner explains the claims he wishes to present, the factual basis for those claims, and also provides vital information regarding his efforts to exhaust those claims in state court.  The present record does not indicate where the fault, if any, lies.  Attempts to remedy the situation have been unsuccessful.  As presently constituted, the instant petition is insufficient to meet minimum federal pleading requirements.  It simply does not contain the basic information the Court requires in order to adjudicate the case.

Accordingly, Petitioner must submit an amended petition by filling out all parts of the form petition, including the portion of the petition which sets forth a brief statement of each of the grounds for relief and supporting facts thereto.  The Clerk of the Court will send Petitioner a form habeas petition for filing the amended petition. The Court stresses the importance of filling out the entire form petition.  When a petitioner fails to properly fill out the entire form, the Court is required to expend a significant amount of time attempting to determine what Petitioner's claims are and whether he has provided sufficient facts to support them.  Such information can be provided in a brief manner by completing the form petition.  Also, failure to fill out the form makes it impossible for the Court to carry out its screening duties in order to determine whether the petition is timely and whether it contains only fully exhausted claims.

///

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION that clearly lists each ground for relief petitioner intends to raise in this Court along with a brief statement of supporting facts.  The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.  Local Rule 220.

2. The Clerk of Court is DIRECTED to send petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this order may result in an order or Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **July 23, 2010**                                         **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE