1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY PEREZ,                    )   1:10-cv-00989-OWW-JLT HC
                                       )
12              Petitioner,            )   ORDER TO SHOW CAUSE WHY THE
                                       )   AMENDED PETITION SHOULD NOT BE
13      v.                             )   DISMISSED FOR VIOLATION OF THE
                                       )   ONE-YEAR STATUTE OF LIMITATIONS
14                                     )   (Doc. 1)
     JAMES A. YATES, Warden,           )
15                                     )   ORDER DIRECTING THAT A RESPONSE
                Respondent.            )   BE FILED WITHIN THIRTY DAYS
16   _____)

17

18                        **PROCEDURAL HISTORY**

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

21   May 6, 2010 in the United States District Court for the Central District of California.[1]  (Doc. 1).  On

22

23          [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
     deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
24   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
25   adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
     Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
26   AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
     other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir.
27   2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest
     possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson,
28   330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition,
     the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears

                                       1

1  June 3, 2010, the Central District ordered the case transferred to this Court.  (Doc. 4).  On July 23,

2  2010, the Court ordered Petitioner to file an amended petition because the form petition transferred

3  to this Court was incomplete, thus preventing the Court from executing its statutory duty to conduct

4  a preliminary review of the petition.  (Doc. 11).  On October 6, 2010, Petitioner filed his amended

5  petition.  A preliminary review of the amended petition, however, reveals that the petition may be

6  untimely and should therefore be dismissed.

7  **DISCUSSION**

8  A.  Preliminary Review of Petition

9  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

10  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

11  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

12  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

13  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

14  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

15  Cir.2001).

16  The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

17  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

18  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

19  Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

20  Herbst.

21  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

22  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

23  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

24  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

25  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

26  _____

27  on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Although Petitioner appeared to sign the petition on July 3, 2009, and although he has submitted two separate Verifications dated, respectively,  April 7, 2010 and July 5, 2009, Petitioner's Proof of Service is

28  dated May 6, 2010.  (Doc. 1, p. 5). Since that is the date Petitioner contends he actually submitted the petition to prison authorities, that is the operative date for filing under the "mailbox rule."

(1997).  The instant petition was filed on May 6,  2010, and thus, it is subject to the provisions of the

AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct

review became final.  Here, the Petitioner was convicted on October 5, 2006 in the Superior Court

for the County of Kings.  (Doc. 14, p. 1).  Petitioner filed a petition for review that was denied by

the California Supreme Court on July 9, 2008.   Thus, direct review would have concluded on

October 6, 2008, when the ninety day period for seeking review in the United States Supreme Court

expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th

Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one

year from the following day, October 7, 2008, or until October 6, 2009, absent applicable tolling,

within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on May 6, 2010, approximately seven months

after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either

1  statutory or equitable tolling, the instant petition is untimely and should be dismissed.

2        C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

3        Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

4  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

5  § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

6  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

7  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

8  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

9  delay in the intervals between a lower court decision and the filing of a petition in a higher court.

10  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

11  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

12  omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

13  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

14  (9th Cir. 1999).

15        Nevertheless, there are circumstances and periods of time when no statutory tolling is

16  allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

17  appeal and the filing of an application for post-conviction or other collateral review in state court,

18  because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;

19  Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

20  allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.

21  In addition, the limitation period is not tolled during the time that a federal habeas petition is

22  pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.

23  Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a

24  petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing

25  a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

26  does not permit the reinitiation of the limitations period that has ended before the state petition was

27  filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to

28  continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,

4

1   447 F.3d 1165, 1166 (9th Cir. 2006).

2       Here, Petitioner does not allege that he filed any state habeas petitions that would entitled

3   him to statutory tolling.  Accordingly, unless he is entitled to equitable tolling, the petition is

4   untimely and should be dismissed.[2]

5       D.  Equitable Tolling

6       The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

7   equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

8   (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

9   period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

10  make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090

11  (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

12  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

13  statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

14  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

15  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

16  his way."   Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

17  1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

18  the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

19  omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at

20  1107.

21      Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on

22  the record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court

23  makes a preliminary finding that Petitioner is not entitled to equitable tolling.  Thus, the petition is

24  untimely and should be dismissed.

25

26      [2]In the space on the amended petition form reserved for information regarding other state or federal habeas petitions, Petitioner has indicated only that he filed a federal petition in the Central District of California.  (Doc. 1, p. 2).  It is unclear whether Petitioner is alleging the filing of the original petition in this case, or if Petitioner is referring to another federal

27  petition filed at some other point in time.  However, for purposes of statutory tolling, the answer is irrelevant since the pendency of a federal petition, as opposed to a state petition, does not toll the one-year AEDPA statute of limitations. Duncan

28  v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).

1    However, before recommending dismissal of the petition as untimely, the Court, pursuant to

2  the Ninth circuit's mandate in <u>Herbst</u>, will permit Petitioner to file a response to the Order to Show

3  Cause in which Petitioner may present any additional evidence of either statutory or equitable tolling.

4  The Court cautions Petitioner that mere allegations of entitlement to tolling are insufficient.  The

5  burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled,

6  whether statutorily or equitable, rests with Petitioner.  <u>See, e.g.</u>, Pace v. DiGuglielmo, 544 U.S. 408,

7  418 (2005); <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005); <u>Smith v. Duncan</u>, 297 F.3d 809,

8  814 (9th Cir. 2002); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002).  Petitioner therefore has

9  the burden of presenting evidence, e.g., court orders, date-stamped and filed documents, mail logs,

10 etc., sufficient to establish, as a factual matter, that he is entitled to additional AEDPA tolling.

## **ORDER**

12    For the foregoing reasons, the Court HEREBY ORDERS:

13    1.  Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

14        of this Order why the Petition should not be dismissed for violation of the one-year

15        statute of limitations in 28 U.S.C. § 2244(d).

16    Petitioner is forewarned that his failure to comply with this order may result in a

17 Recommendation that the Petition be dismissed pursuant to Local Rule 110.

18

19 IT IS SO ORDERED.

20 Dated:   **November 23, 2010**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE