UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PEREZ, | 1:10-cv-00989-OWW-JLT HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS |
| v. | THE PETITION (Doc. 24) |
| JAMES A. YATES, Warden, | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his October 5, 2006 conviction in the Kings County Superior Court by a jury of one count of battery causing serious bodily injury, Cal. Pen. Code § 243(d) and resulting indeterminate sentence of twenty-five-years-to-life. (Lodged Documents ("LD") 1). The instant federal petition for writ of habeas corpus was filed on May 6, 2009.[1] On May

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom.* Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir.

1

17, 2010, Petitioner's original petition was received and filed in the United States District Court for the Central District of California. (Doc. 1). Along with that petition, Petitioner had filed a motion for clarification, in which he indicated he had originally filed his petition on July 5, 2009, and was inquiring as to its status. (Doc. 3). The motion for clarification is dated April 7, 2010. On June 3, 2010, the case was transferred to the Eastern District of California. (Doc. 4). Upon preliminary screening of the petition, which was missing several critical pages including those listing Petitioner's claims, the Court determined that it could not screen the original petition because it was incomplete. Accordingly, the Court ordered Petitioner to file an amended petition. (Doc. 11). On October 6, 2010, Petitioner filed his first amended petition. (Doc. 14). After screening the first amended petition, the Court issued an Order to Show Cause why the amended petition should not be dismissed as untimely. (Doc. 17). On December 30, 2010, Petitioner filed his response, in which he once again maintained that he had placed the original petition in the hands of prison officials in July 2009, thus making the petition timely under the "mailbox rule." (Doc. 18).

Although the Court had grave concerns about the timeliness of the original petition, the Court did not, at that time, have access to prison mail logs or other evidence that would either substantiate or refute Petitioner's version of events. Accordingly, on January 10, 2011, the Court ordered Respondent to file a response to the amended petition. (Doc. 19). On March 11, 2011, Respondent filed the instant motion to dismiss, contending that the original petition was filed after the one-year statute of limitations had expired. (Doc. 24). Along with the motion to dismiss, Respondent has submitted Lodged Documents that include Petitioner's prison mail log for the dates in question, establishing to the Court's satisfaction that Petitioner did not file his petition in July 2009 as he has repeatedly represented. Petitioner has not filed an opposition or otherwise responded to the motion to dismiss.

---

2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner dated the Proof of Service for the instant petition as May 6, 2010. (Doc. 1, p. 5). A fuller discussion of the issues related to the Court's finding that the filing date was May 6, 2010 appears infra.

2

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on May 6, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on October 5, 2006. (LD 1). Petitioner proceeded with his direct appeal, concluding with filing a petition for review in the California Supreme Court that was denied July 9, 2008. (LD 4). Thus, direct review would have concluded on October 7, 2008, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, October 8, 2008, or until October 7, 2009, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on May 6, 2010, almost seven months after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition would be untimely and should therefore be dismissed.

Petitioner asserts that he filed his federal petition on July 5, 2009, or perhaps July 6, 2009. At the time the Court screened the original petition, Petitioner had attached two separate proofs of

service and two separate verifications: one proof of service and verification dated May 6, 2010, and the other proof of service and verification dated July 5, 2009. (Doc. 1, pp. 5-6). Since a bona fide filing date of July 5, 2009, under the "mailbox" rule, would have made the instant petition timely, while the other date of May 6, 2010, would not have been timely, the Court ordered Petitioner to file an amended petition that further explained the discrepancy between the two proofs of service. (Doc. 11). In his amended petition, filed on October 6, 2010, Petitioner included an Exhibit A, which purports to be a Motion for Clarification, dated April 7, 2010, filed in the United States District Court for the Central District of California, inquiring about the status of the habeas corpus petition Petitioner claims to have filed in the Central District on July 5, 2009. (Doc. 14, Ex. A). Attached as an Exhibit to that Motion for Clarification is what purports to be a copy of the abbreviated form petition Petitioner claims to have filed in July 2009 with that court. That purported petition contains a verification and proof of service dated July 6, 2009, not July 5, 2009. (Doc. 14, p. 43).

Because of the suspicious nature of the discrepancies between the various proofs of service, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely on November 24, 2010. (Doc. 17). On December 30, 2010, Petitioner filed a response in which he contended once again that his amended petition contains documented evidence that he timely filed his petition in the Central District on July 6, 2009. (Doc. 18, p. 1). Because the Court was uncomfortable making a final determination regarding timeliness based on Petitioner's own representations alone, it ordered Respondent to file a response that resulted in the instant motion to dismiss.

As part of the motion to dismiss, Respondent has submitted documents, including an electronic printout of filings by Petitioner in the Central District during the period of July and August 2009, as well as Petitioner's prison mail log for that same period. Those documents establish to the Court's satisfaction that Petitioner did not mail any documents to the Central District during that time frame nor did the Central District receive any filings from Petitioner during that time frame. (LD 5, 6). Indeed, the only documented correspondence for Petitioner in his prison mail log for July and August 2009, were to a G. Bagdasarian and to a G. Motsenbocker, both of Fresno, California, in July 2009 and August 2009, respectively. (LD 6). Similarly, the only habeas petition received by the

5

Central District under the Petitioner's name was the petition received by that Court on May 17, 2009. (LD 5). Petitioner has not filed an opposition to the motion to dismiss and lodged documents submitted in support thereof, nor has he chosen to present the Court with any evidence or argument to rebut Respondent's evidence.

Accordingly, based on what appears to be the undisputed evidence now before the Court, the Court concludes that Petitioner filed his federal petition, under the "mailbox" rule, in the Central District on May 6, 2010, the date reflected on the proof of service for the original petition. Apart from the self-serving and highly dubious additional proofs of service dated, inexplicably, both July 5, 2009 and July 6, 2009, that were presented by Petitioner, there is no other evidence to corroborate Petitioner's version of events. The Court finds that Petitioner's self-serving, suspicious, and conflicting proofs of service are not credible. All of the credible evidence supports a conclusion that Petitioner did not file his original petition until May 6, 2010, long after the one-year period had expired. Accordingly, the Court will use that filing date in its analysis.

As mentioned, the one-year period expired on October 7, 2009 and the instant petition was not filed until May 6, 2010, over seven months later. Accordingly, unless Petitioner is entitled to either statutory or equitable tolling, the petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

(9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner does not claim to have filed any collateral proceedings in state court. To the contrary, in his original petition, Petitioner states, under penalty of perjury, that he has not previously filed any state court habeas petitions with respect to the 2006 Kings County conviction. (Doc. 1, p. 3). Moreover, Respondent, in the motion to dismiss, has also represented to the Court that, after reviewing Petitioner's state court documents, he has concluded that Petitioner did not, within the one-year limitation period, file any state habeas actions related to the conviction upon which this petition is based. (Doc. 24, p. 3). Accordingly, because Petitioner did not "properly file" any state habeas proceedings within the limitation period, the Court concludes that Petitioner is not entitled to statutory tolling. Unless Petitioner is entitled to equitable tolling, the petition must be dismissed as untimely.

### D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

7

equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, Petitioner is not entitled to equitable tolling. Thus, the petition is untimely and should be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 24), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.

1  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  IT IS SO ORDERED.

6  Dated:   **April 29, 2011**                                                                                      **/s/ Jennifer L. Thurston**
                                                                                                          UNITED STATES MAGISTRATE JUDGE